UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

                                        Chapter 11

HELLO ALBEMARLE LLC,                    Case No. 23-41326 (NHL)

                        Debtor.
-----------------------------------------------------------X

## STIPULATION OF SETTLEMENT

THIS STIPULATION OF SETTLEMENT (this "Stipulation") is made and entered into between and among NY Secured Funding, LLC ("NYSF"), The Official Committee of Unsecured Creditors (the "Committee") for the estate of Hello Albemarle LLC (the "Debtor") (NYSF and the Committee are collectively referred to as the "Parties" and each a "Party").

## BACKGROUND

**The Involuntary Chapter 11 Case**

I.      On April 19, 2023, an involuntary chapter 11 petition was filed against the Debtor, commencing the above referenced involuntary chapter 11 case pursuant to 11 U.S.C. § 303.

II.     On September 22, 2023, the Court entered the Order for Relief [Docket No. 22].

**The Hello Albemarle LLC Loan**

III.    On or about August 26, 2016, the Debtor obtained a Building Loan in the amount of $7,634,000.00 from Banco Popular North America ("BPNA"), which was evidenced by a Building Loan Note (the "Building Note") and secured by a mortgage (the "Building Mortgage") on the real property located at 2417 Albemarle Road, Brooklyn, NY 11226 a/k/a 2421 Albemarle Road, Brooklyn, NY 11226 (the "Albemarle Property").

1

IV. In addition to the Building Loan, on or about August 26, 2016, the Debtor obtained a Project Loan in the amount of $3,066,000.00 from BPNA, which was secured by a mortgage on the Property (the "Project Mortgage"). Thereafter, the Building Loan and Project Loan were assigned to Arbor Realty Sr, Inc. (the "Original Lender"), and on or about April 18, 2019, the Original Lender, NYSF's predecessor-in-interests, agreed to provide the Debtor with a gap loan in the sum of $4,656,961.01, with such loan being secured by a mortgage on the Property (the "Gap Mortgage", and together with the Building Mortgage and Project Mortgage, the "Prior Mortgages").

V. In addition to the Gap Loan, on or about April 18, 2019, the Debtor and the Original Lender entered into a Consolidated Loan Agreement (the "Loan Agreement"), whereby the Debtor borrowed the sum of $15,000,000.00 from the Original Lender (the "Consolidated Loan"), which was used to consolidate the Debtor's three prior existing loans.

VI. Pursuant to the Loan Agreement, the Consolidated Loan was secured by a Consolidated, Amended and Restated Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing (collectively, the "Consolidated Mortgage"), in which the Debtor, as Mortgagor, granted the Original Lender, as Mortgagee, a mortgage on the Property to secure the payment of all of the Debtor's obligations under the Consolidated Loan.

VII. The Consolidated Loan was further secured by an Assignment of Leases and Rents (the "ALR"), in which the Debtor assigned all of its rights with respect to the leases and rent affecting the Property to the Original Lender. On or about June 5, 2019, the Original Lender assigned the Consolidated Mortgage and all of its rights in the

Consolidated Loan to Arbor Realty Commercial Real Estate Notes 2019-FL1, LTD ("<u>2019-FL1 Lender</u>").

VIII.     On or about April 6, 2021, 2019-FL1 Lender assigned the Consolidated Mortgage and all of its rights in the Consolidated Loan back to the Original Lender (the "<u>Second Assignment of the Consolidated Mortgage</u>"). Thereafter, on or about April 19, 2021, the Original Lender assigned the Consolidated Mortgage and all of its rights in the Consolidated Loan to NYSF.

IX.     On or about April 19, 2021, the Original Lender and NYSF executed an Assignment of Consolidated Loan, Amended and Restated Mortgage, Assignment or Rents, Security Agreement and Fixture Filing (the "<u>Third Assignment of the Consolidated Mortgage</u>"), in which the Original Lender assigned all of its rights under the Consolidated Mortgage and the Prior Mortgages to NYSF.

X.     On or about April 19, 2021, the Original Lender and NYSF executed an Assignment of Assignment of Leases and Rents (the "<u>Third Assignment of ALR</u>"), in which the Original Lender assigned all of its rights under the Assignment of Leases and Rents to NYSF.

XI.     On April 19, 2021, the Consolidated Loan matured with the entire balance of the Consolidated Loan due in full. Notwithstanding, the Debtor failed to repay the outstanding balance of the Consolidated Loan. Therefore, an Event of Default under the Loan Documents occurred on April 19, 2021, and on or about April 23, 2021, NYSF issued a Notice of Default to the Debtor. Because the Debtor failed to cure the Event of Default, on June 9, 2021, NYSF commenced an action against the Debtor in the New York State Supreme Court, Kings County, entitled *NY*

*Secured Funding, LLC v. Hello Albemarle, LLC et al.*, Index No. 513790/2021, seeking, among other relief, to foreclose on the Albemarle Property (the "Albemarle Foreclosure Proceeding").

**The NYSF Proof of Claim**

XII.     On December 18, 2023, NYSF filed a secured claim against the Debtor's estate in the amount of $25,151,928.70, which is designated as Claim No. 14 on the Debtor's claim register (the "NYSF Claim").

XIII.     On February 29, 2024, the Committee, by and through its counsel, filed an objection to the NYSF Claim, asserting, among other things, that NYSF is not entitled to claim default interest or late fees due under the terms of the Consolidated Loan (the "Claim Objection").

XIV.     NYSF disputed the Committee's assertions raised in the Claim Objection.

XV.     In an effort to avoid the delay, uncertainty, and administrative expenses associated with litigating the Claim Objection, the Parties engaged in negotiations to resolve this matter. As a result of those negotiations, the Parties have agreed to the following terms of this Stipulation, subject to this Court's approval.

**NOW, THEREFORE**, in consideration of the mutual promises exchanged herein and for other good and valuable consideration, the receipt and sufficiency of which are acknowledged, the Parties hereby agree upon the following terms and conditions, subject to this Court's approval:

1.     Recitals.  The foregoing recitals are incorporated herein and shall constitute a part of this Stipulation.

2.     Approval of this Stipulation. This Stipulation is subject to the entry of an Order of this Court approving this Stipulation (the "Approval Order").  Upon receipt of a fully executed copy of this Stipulation, the Committee will promptly file and serve a motion seeking the entry of the Approval Order under Rule 9019 of the Federal Rules of Bankruptcy Procedure.

3. <u>Effectiveness of this Stipulation; Effective Date</u>. This Stipulation shall become effective only after the entry of the Approval Order, and such Approval Order becoming final and non-appealable (the "<u>Effective Date</u>"). In the event that the Court declines to enter the Approval Order or the Approval Order is overturned on appeal, this Stipulation will be null and void, and of no force and effect, and nothing contained in this Stipulation will be deemed an admission or waiver of the rights of either the Committee or NYSF, which rights are expressly reserved.

4. <u>The NYSF Claim</u>. Upon the Effective Date, the NYSF Claim shall be deemed allowed as a secured claim against the Debtor and its estate in the voluntarily reduced amount of $18,755,029.85, based upon a waiver of all default interest and late fees.

5. <u>Release</u>. Upon the Effective Date, in consideration of the covenants contained in this Stipulation and such other good and valuable consideration, the receipt and sufficiency of which hereby is acknowledged, the Committee releases, and forever discharges NYSF and its counsel, Bond Schoeneck & King, PLLC, from any and all claims, claims for relief, demands, costs, damages, liabilities, and obligations of any nature whatsoever, in law or in equity, known or unknown, anticipated or unanticipated, or hereafter becoming know, or by reason of any matter, cause or thing, relating solely to the NYSF Claim.

6. <u>No Admission</u>. This Stipulation shall not be deemed or interpreted to be an admission by any Party hereto of any of the matters set forth in this Stipulation or otherwise.

7. <u>Jurisdiction</u>. The Court may retain exclusive jurisdiction over the subject matter of this Stipulation.

8. <u>Binding Effect</u>. This Stipulation shall be binding upon and inure to the benefit of the Parties and their respective heirs, successors and assigns, executors, administrators, and legal Representatives, including the hypothetical chapter 7 trustee.

9. <u>Modification</u>. This Stipulation may not be altered, modified, or changed unless in writing, signed by the Parties (or their counsel), and subject to appropriate order of the Court.

10. <u>Counterpart Signatures and Multiple Originals</u>. This Stipulation may be executed in one or more counterparts, each of which is an original, but all of which shall together constitute one Stipulation. Facsimile signatures, signatures in portable document format (.pdf), or other electronic means are deemed originals for purposes of this Stipulation.

11. <u>Execution Authority</u>. The Parties consent to the entry of this Stipulation as an order in this case. The person executing this Stipulation on behalf of each respective Party warrants and represents that he/she/it is authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

12. <u>Interpretation</u>. This Stipulation shall not be construed against the Party preparing it but shall be construed as if every Party jointly prepared it and any uncertainty or ambiguity shall not be interpreted against any Party.

13. <u>Choice of Law</u>. This Stipulation shall be governed by the laws of the State of New York, except with respect to matters as to which federal law is applicable, without regard to any conflicts of law principles.

14. <u>Headings</u>. The headings of paragraphs contained in this Stipulation are for convenience only and shall not be deemed to control or affect the meaning or construction of any provision of this Stipulation.

15. <u>Severability</u>. In the event any portion of this Stipulation is held illegal, void, unenforceable or ineffective, the offending provision shall be removed.

16. <u>Fees and Costs</u>. The Parties are each responsible for their own costs and attorneys' fees incurred in connection with this Stipulation.

| | |
|---|---|
| Dated:  September 16, 2024 | BOND, SCHOENECK & KING, PLLC |
| | By: */s/ Justin S. Krell*<br>Stephen A. Donato<br>Justin S. Krell<br>225 Old Country Rd.<br>Melville, New York 11747<br>Telephone: (631) 761-0800<br>sdonato@bsk.com<br>jkrell@bsk.com |
| | *Attorneys for NY Secured Funding, LLC* |
| Dated:  September __, 2024 | GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP |
| | By: <u>/s/ Kevin J. Nash</u><br>Kevin J. Nash<br>125 Park Avenue, 12th Floor<br>New York, New York 10017<br>Telephone: (212) 221-5700<br>knash@gwfglaw.com |
| | *Attorneys for The Official Committee of Unsecured Creditors* |

18199401.v2-9/16/24