Paul H. Aloe
David N. Saponara
KUDMAN TRACHTEN ALOE POSNER LLP
488 Madison Avenue, 23rd Floor
New York, New York 10022
Tel: (212) 868-1010
paloe@kudmanlaw.com
dsaponara@kudmanlaw.com

*Counsel to the Debtor*
*and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| HELLO ALBEMARLE LLC, | Case No. 1-23-41326-nhl |
| Debtor. | |

**NOTICE OF PRESENTMENT OF DEBTOR'S**
**APPLICATION PURSUANT TO 11 U.S.C. § 327(a) FOR ENTRY OF**
**AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF**
**KUCKER MARINO WINIARSKY & BITTENS, LLP, AS LANDLORD-TENANT**
**COUNSEL FOR THE DEBTOR EFFECTIVE *NUNC PRO TUNC* TO APRIL 29, 2025**

**PLEASE TAKE NOTICE**, that on **August 11, 2025, at 10:00 a.m. (prevailing Eastern Time)**, the undersigned will present the *Debtor's Application Pursuant to 11 U.S.C. § 327(a) for Entry of an Order Authorizing the Employment and Retention of Kucker Marino Winiarsky & Bittens, LLP as Landlord-Tenant Counsel for the Debtor Effective Nunc Pro Tunc to April 29, 2025* (the "**Application**"), and a proposed order granting the relief requested therein to the Honorable Nancy Hershey Lord, United States Bankruptcy Judge, United States Bankruptcy Court for the Eastern District of New York (the "**Court**"), Conrad B. Duberstein Courthouse, 271-C Cadman Plaza East, Brooklyn, New York 11201.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Application (each an "**Objection**") shall: (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Eastern District of New York, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Eastern District of New York; (c) be filed electronically with the Court by registered users of the Court's electronic filing system; and (d) be served so as to be actually received by **August 4, 2025, at 4:00 p.m. (prevailing Eastern Time)** (the "**Objection Deadline**"), by (i) Kudman Trachten Aloe Posner LLP, 488 Madison Avenue, 23rd Floor, New York, New York 10022 (Attn: Paul H. Aloe, Esq.; David N. Saponara, Esq.); (ii) the Office of the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, New York 10014, (Attn: Jeremy S. Sussman, Esq.); and (iii) any other party who has filed a notice of appearance and request for service of papers pursuant to Rules 2002 and 9010(b) of the Federal Rules of Bankruptcy Procedure.

**PLEASE TAKE FURTHER NOTICE** that if no objections are timely filed and received by the Objection Deadline, the relief requested in the Application may be granted without further notice or a hearing. If a written Objection is timely filed and served, a hearing will be held to consider the Application at a date and time to be determined before the Court.

Dated: New York, New York
July 17, 2025

By:     */s/ David N. Saponara*
Paul H. Aloe
David N. Saponara
KUDMAN TRACHTEN ALOE POSNER LLP
488 Madison Avenue, 23rd Floor
New York, New York 10022
Tel: (212) 868-1010
paloe@kudmanlaw.com
dsaponara@kudmanlaw.com

*Counsel to the Debtor*
*and Debtor-in-Possession*

Paul H. Aloe
David N. Saponara
KUDMAN TRACHTEN ALOE POSNER LLP
488 Madison Avenue, 23rd Floor
New York, New York 10022
Tel: (212) 868-1010
paloe@kudmanlaw.com
dsaponara@kudmanlaw.com

*Counsel to the Debtor*
*and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| HELLO ALBEMARLE LLC, | Case No. 1-23-41326-nhl |
| Debtor. | |

**DEBTOR'S APPLICATION PURSUANT TO 11 U.S.C. § 327(a) FOR ENTRY OF
AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF
KUCKER MARINO WINIARSKY & BITTENS, LLP, AS LANDLORD-TENANT
COUNSEL FOR THE DEBTOR EFFECTIVE *NUNC PRO TUNC* TO APRIL 29, 2025**

Hello Albemarle LLC, the above-captioned debtor and debtor-in-possession (the

"**Debtor**"), submits this application for entry of an order (the "**Application**"), substantially in the

form attached as **Exhibit A**, authorizing the employment and retention of Kucker Marino

Winiarsky & Bittens, LLP ("**KMWB**") as its landlord-tenant counsel effective *nunc pro tunc* to

April 29, 2025. In support of the Application, the Debtor submits the declaration of Lisa Faham-

Selzer, a member of KMWB (the "**Faham-Selzer Declaration**"), which is attached as **Exhibit B**,

and respectfully states as follows:

**BACKGROUND**

1.      The Debtor's primary asset is its property located 2417 Albemarle Road, Brooklyn.,

New York 11226 (the "**Property**").

2.      The Property is a twelve-story residential rental apartment building consisting of 44 units and 30 off-street parking spaces, which the Debtor developed from the group up after acquiring the Property for $2.4 million in March 2014. The Debtor completed construction in November 2018.

3.      In April 2021, NY Secured Funding, LLC ("**NYSF**"), acquired the $15 million loan that the Debtor had obtained to fund construction on the Property, which was secured by a mortgage on the Property.

4.      In June 2021, NYSF commenced a foreclosure action against the Debtor in the Supreme Court of the State of New York, Kings County, captioned *NY Secured Funding, LLC v. Hello Albemarle, LLC et al.*, Index No. 513790/2021.

5.      In late August 2021, NYSF sent notices to each of the tenants at the Property demanding that they cease paying rent to the Debtor and instead pay rent directly to NYSF. As a result of the tenant notices from NYSF, many of the tenants at the Property ceased paying rent altogether, which dramatically reduced the Debtor's cashflow.

6.      In June 2022, NYSF moved in the foreclosure action for the appointment of a temporary receiver to take control of the Property. The state court granted NYSF's motion in September 2022 and entered an order formally appointing the temporary receiver in November 2022. However, the receiver never took any of the steps necessary to qualify and take possession of the Property (e.g., executing an oath and obtaining and submitting proof of a $50,000 bond).

7.      The existence of the foreclosure action, the notices to tenants demanding that they not pay rent to the Debtor, and the appointment of a receiver who never qualified or took possession of the Property created substantial confusion for the Debtor's tenants and significantly impacted the Debtor's ability to collect rent.

8.      On April 19, 2023, JG Albemarle LLC, JG Albemarle B LLC, YBCF Realty LLC, NBC Charitable Foundation LLC, Lisa Stewart Hughes, Jonathan Mueller, and Yitzchok and Leah Mueller filed an involuntary chapter 11 petition against the Debtor [Docket No. 1], commencing this chapter 11 case (the "**Chapter 11 Case**") as an involuntary case pursuant to section 303 of the Bankruptcy Code.

9.      On September 22, 2023, the Court entered the Order for Relief [Docket No. 22].

10.     As of the date of the Order for Relief, tenants at the Property owed more than $1.5 million in unpaid rent, approximately $250,000 of which was more than 90 days past due.

11.     The Debtor is currently operating its businesses and managing its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the filing of this Application, no request has been made for the appointment of a trustee or examiner.

12.     On November 22, 2023, the Court entered the *Order Authorizing the Employment and Retention of CAM Property Management, LLC, as Property Manager for the Debtor's Property Located at 2417 Albemarle Road, Brookyln, New York 11226* [Docket No. 67] (the "**CAM Retention Order**"), authorizing the Debtor to engage CAM Property Management, LLC ("**CAM**"), as the Debtor's property manager.

13.     While the Debtor's rent collections have improved during the course of the Chapter 11 Case—largely attributable to CAM's efforts as the Debtor's property manager[1]—they remain lower than they should be.

14.     As of May 30, 2025, the end of the period covered by the Debtor's most recent monthly operating report [Docket No. 148], the Debtor's outstanding rent receivables net of

---

[1] CAM's services have contributed to rent collections increasing by approximately 50% comparing average monthly collections during the first half of the Chapter 11 Case ($16,279.50 per month) with the second half of the Chapter 11 Case (averaging $24,056.40 per month).

allowances (i.e., 75% of the total amount) has grown to approximately $2.1 million, approximately

$1.9 million is more than 90 days past due.

15.     The single largest cause of the Debtor's ongoing rent collection issues is the

presence of more than a dozen squatters and other tenants at the Property who have not paid any

rent for at least several months and in some instances for more than a year.

16.     The Debtor requires the assistance of experienced landlord-tenant counsel to

commence and prosecute formal proceedings to remove these non-paying occupants from their

units, obtain money judgments for unpaid rent and/or use and occupancy, and thereby maximize

the value and income-producing capacity of the Property for all of the Debtor's legitimate

stakeholders.

## JURISDICTION

17.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334(b) and the Standing Order dated December 5, 2012 (Amon, C.J.). This matter is a core

proceeding pursuant to 28 U.S.C. § 157(b).

18.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

19.     The bases for the relief requested are sections 327(a) and 330 of the Bankruptcy

Code, Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy**

**Rules**"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Eastern District of

New York (the "**Local Rules**").

## RELIEF REQUESTED

20.     The Debtor respectfully requests the entry of an order, substantially in the form

submitted herewith, authorizing the Debtor to employ and retain KMWB as its landlord-tenant

counsel effective *nunc pro tunc* to April 29, 2025.

## I.    KMWB's Qualifications

21.    The Debtor selected KMWB as its landlord-tenant counsel at the recommendation of CAM, the Debtor's retained property manager, and based upon the firm's significant experience in real estate matters and its reputation as one of New York City's premier law firms for real estate owners and developers, including with respect to landlord-tenant matters.[2]

22.    In preparing for its representation of the Debtor in landlord-tenant matters, KMWB has become familiar with the Property and the rent collection issues that the Debtor has been facing with respect to unlawful occupants (i.e., squatters) and non-paying tenants. The Debtor believes that KMWB is well-qualified to serve as its landlord-tenant counsel in an efficient and cost-effective manner.

## II.    Scope of Employment

23.    The professional services that KMWB will render for the Debtor are limited to landlord-tenant matters in Housing Court, Supreme Court, and the Division of Housing and Community Renewal (DHCR). This includes preparing and serving default letters, good cause eviction notices, notices to quit, and other required predicate notices; defending Housing Part (HP) and DHCR cases; preparing holdover and nonpayment petitions; and filing and prosecuting holdover and nonpayment special proceedings in state court.

24.    KMWB will take necessary and appropriate steps to prevent unnecessary or inefficient duplication of services.

25.    Subject to the Court's approval of this Application, KMWB has indicated that it is willing to serve as the Debtor's landlord-tenant counsel and perform the services described above.

---

[2] A more detailed description of the background and experience of the KMWB member who is expected to have primary responsibility for the Debtor's landlord-tenant matters is set forth in the accompanying declaration of Lisa Faham-Selzer.

### III.    Terms of Retention

26.    KMWB intends to apply for compensation for all professional services rendered for the Debtor in landlord-tenant matters, subject to approval of the Court, and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders of the Court, on an hourly and/or task billing basis, plus reimbursement of actual, necessary expenses and other charges incurred by the firm.

27.    KMWB's current standard hourly rates range from: (i) $675 for name partners; (ii) $485 to $625 for associates, of counsel, and other partners; (iii) $210 to $250 for paralegals; and (iv) $120 for clerks. However, KMWB maintains a separate fee schedule for volume landlord-tenant and Housing Court matters, which includes discounted flat rate charges for the tasks commonly performed in connection with landlord-tenant matters and routine court appearances, such as those anticipated to be performed for the Debtor, and reduced hourly rates for tasks not subject to a specific task rate, as follows: (i) $495 for partners; (ii) $450 for of counsel; (iii) $395 for associates; and (iv) $175 for all other clerical work.

28.    The foregoing rates are set at a level designed to fairly compensate KMWB for its work and to cover fixed and routine overhead expenses.

29.    It is KMWB's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. These expenses include, among other things, mail and express mail charges, special or hand delivery charges, photocopying charges, travel expenses, expenses for working meals, computerized research, and transcription costs. KMWB will charge the Debtor's estate for these expenses in a manner and at rates consistent with charges made generally to the firm's clients and in compliance with any guidelines promulgated by the Office of the U.S. Trustee and the Local Rules, subject to approval by the Court.

30.     Other than as set forth herein, there is no proposed arrangement to compensate KMWB for services rendered to the Debtor.

### IV.    KMWB's Disinterestedness

31.     KMWB has represented CAM, the Debtor's property manager, in connection with litigations commenced by Mark Bennett, an occupant at the Debtor's property, relating to services that CAM has performed in its capacity as the Debtor's property manager. KMWB's representation of the Debtor in landlord-tenant matters is entirely separate from its representation of CAM, and KMWB will not apply to the Bankruptcy Court for approval of, or otherwise seek to recover from the Debtor, payment of any fees incurred representing CAM in these separate matters.

32.     As described in the Faham-Selzer Declaration, in connection with its proposed retention by the Debtor in this Chapter 11 Case, KMWB searched its client database with respect to the Debtor and a list of potential parties in interest in this Chapter 11 Case and did not identify any potential conflicts of interest. To the best of the Debtor's knowledge and as disclosed in the Faham-Selzer Declaration, (a) KMWB is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code; (b) KMWB is not a creditor, equity security holder, or insider of the Debtor; (c) KMWB (including its partners and attorneys) has not been a director, officer, or employee of the Debtor; and (d) KMWB does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason, except as may be disclosed in the Faham-Selzer Declaration.

33.     KMWB will review its files periodically during the pendency of this Chapter 11 Case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, KMWB will use reasonable efforts to

identify such further developments and will promptly file a supplemental declaration in accordance with Bankruptcy Rule 2014(a).

## V.    Compensation and Services Already Performed

34.    Prior to the submission of this application, KMWB received payments totaling $3,300 from the Debtor. Prior to the submission of this application, KMWB received payments totaling $3,300 from the Debtor relating to its commencement of ten holdover proceedings in the Housing Part of Kings County Civil Court against certain unlawful occupants (i.e., squatters) and non-paying tenants at the Debtor's property. One of those proceedings, filed against Mark Bennett, was discontinued without prejudice on June 24, 2025. The balance of the holdover proceedings that KMWB are currently returnable in early October 2025, having been automatically adjourned by the Kings County Civil Court. The primary reason the Debtor is seeking the Court's approval to engage KMWB effective *nunc pro tunc* to April 29, 2025, is to avoid any further delays in its efforts to remove value-draining, non-paying occupants from the Property, as the Housing Part of Kings County Civil Court is notoriously backlogged and subject to prolonged delays.

35.    The direction to commence these proceedings and payments made to KMWB in connection with these services were the result of a misunderstanding by CAM of the scope of its authority concerning landlord-tenant matters under the terms of the CAM Retention Order and approved Management Agreement with the Debtor. KMWB is returning to the Debtor the funds without prejudice to its right to apply to the Court for approval of its compensation for services rendered to the Debtor during the period covered by the effective date of any order that the Court may enter approving KMWB's retention as the Debtor's landlord-tenant counsel.

36.    The Debtor is advised that, pursuant to section 504 of the Bankruptcy Code and Bankruptcy Rule 2016(b), MWB has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, of counsel,

associates and other professionals and paraprofessionals associated with KMWB, or (b) any compensation another person or party has received or may receive.

## SUPPORTING AUTHORITY

37.     The Debtor seeks to retain KMWB as its landlord-tenant counsel pursuant to section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to court approval, "may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title. 11 U.S.C. § 327(a).

38.     Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accounts, the United States trustee, or any person employed in the office of the United States trustee.

FED. R. BANKR. P. 2014(a).

39.     The Debtor submits that for all of the reasons stated above and in the Faham-Selzer Declaration, the retention and employment of KMWB as landlord-tenant counsel to the Debtor is warranted. Further, as stated in the Faham-Selzer Declaration, KMWB is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtor's estate and has no connection to the Debtor, its creditors or other parties in interest, except as may be disclosed in the Faham-Selzer Declaration.

## NOTICE

40.    Notice of this Motion has been given to (i) the Office of the United States Trustee for Region 2; (ii) NYSF; (iii) the Official Committee of Unsecured Creditors; (iv) all the Debtor's creditors; (v) applicable governmental units; and (vi) those parties who have filed a notice of appearance and request for service of pleadings in this Chapter 11 Case pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is required.

## NO PRIOR REQUEST

41.    No previous request for the relief sough herein has been made by the Debtor to this or any other court.

**WHEREFORE**, the Debtor respectfully requests entry of an order, substantially in the form submitted herewith, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: New York, New York
        July 17, 2025

                        _/s/ Eli Karp_
                        Eli Karp, Managing Member
                        Hello Albemarle LLC

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| HELLO ALBEMARLE LLC, | Case No. 1-23-41326-nhl |
| Debtor. | |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF**
**KUCKER MARINO WINIARSKY & BITTENS, LLP, AS LANDLORD-TENANT**
**COUNSEL FOR THE DEBTOR EFFECTIVE *NUNC PRO TUNC* TO APRIL 29, 2025**

Upon the application (the "**Application**") of Hello Albemarle LLC, the above-captioned debtor and debtor-in-possession (the "**Debtor**"), for entry of an order, pursuant to section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2014 and 2016(b) of the Federal Rules of Bankruptcy Procedure, authorizing the employment of Kucker Marino Winiarsky & Bittens, LLP ("**KMWB**"), as landlord-tenant counsel to the Debtor; and upon the declaration of Lisa Faham-Selzer, which is annexed to the Application as Exhibit B (the "**Declaration**"); and it appearing that KMWB is a "disinterested person" within the meaning of sections 101(14) and 327 of the Bankruptcy Code and does not hold or represent any interest adverse to the Debtor's estate; and this Court having determined that employment of KMWB by the Debtor as landlord-tenant counsel is in the best interests of the Debtor, its estate and its creditors; and adequate notice of the Application having been given; and after due deliberation and sufficient cause appearing therefor; it is hereby

**ORDERED**, that, pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014, the Debtor is authorized to employ KMWB as its landlord-tenant counsel, effective as of April 29, 2025; and it is further

**ORDERED**, that KMWB shall seek compensation for its services and reimbursement of its expenses upon application to the Court, and upon notice and a hearing, pursuant to sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, E.D.N.Y. Local Bankruptcy Rule 2016-1, and the Guidelines of the Office of the United States Trustee; and it is further

**ORDERED**, that prior to any increases in KMWB's rates, KMWB shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor, the United States Trustee and any official committee, which supplemental affidavit shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtor has consented to the rate increase.  The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by the Court; and it is further

**ORDERED**, that, notwithstanding any provision to the contrary in the Application or the Declaration, the Court may retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

**NO OBJECTION:**

**WILLIAM K. HARRINGTON**
**UNITED STATES TRUSTEE, REGION 2**

By:  _____
        Jeremy S. Sussman
        Trial Attorney
        Office of the United States Trustee
        201 Varick Street, Suite 1006
        New York, New York 10014
        Tel: (202) 573-6935
        Jeremy.S.Sussman@usdoj.gov

**<u>Exhibit B</u>**

**Declaration of Lisa Faham-Selzer**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| HELLO ALBEMARLE LLC, | Case No. 1-23-41326-nhl |
| Debtor. | |

**DECLARATION OF LISA FAHAM-SELZER IN SUPPORT OF DEBTOR'S
APPLICATION PURSUANT TO 11 U.S.C. § 327(a) FOR ENTRY OF
AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF
KUCKER MARINO WINIARSKY & BITTENS, LLP, AS LANDLORD-TENANT
COUNSEL FOR THE DEBTOR EFFECTIVE *NUNC PRO TUNC* TO APRIL 29, 2025**

Pursuant to 28 U.S.C. § 1746, Lisa Faham-Selzer hereby declares as follows:

1.      I am an attorney admitted to practice law in New York and a partner of Kucker Marino Winiarsky & Bittens, LLP ("**KMWB**"), proposed landlord-tenant counsel to Hello Albemarle LLC (the "**Debtor**"), the debtor and debtor-in-possession in the above-captioned chapter 11 case (the "**Chapter 11 Case**").

2.      I respectfully submit this declaration in support of the *Debtor's Application Pursuant to 11 U.S.C. § 327(a) for Entry of an Order Authorizing the Employment and Retention of Kucker Marino Winiarsky & Bittens, LLP as Landlord-Tenant Counsel for the Debtor Effective Nunc Pro Tunc to April 29, 2025* (the "**Application**").

3.      Except as otherwise indicated herein, all facts set forth in this Declaration are based on my personal knowledge, information supplied to me by attorneys or employees of KMWB, the Debtor, or other professionals retained by the Debtor, were learned from my review of relevant documents, or are my opinion based upon my experience and knowledge of KMWB and the practice of law generally. To the extent any information disclosed herein requires amendment or modification upon completion of further review by KMWB or as additional information becomes

available, a supplemental affidavit will be submitted to the United States Bankruptcy Court for the Eastern District of New York (the "**Court**") reflecting such amended or modified information.

## I.    KMWB's Qualifications

4.      The Debtor selected KMWB as its landlord-tenant counsel at the recommendation of its retained property manager, CAM Property Management, LLC ("**CAM**") based upon the firm's significant experience in real estate matters and its reputation as one of New York City's premier law firms for real estate owners and developers, including with respect to landlord-tenant matters.

5.      I am a member of KMWB and a graduate of Fordham University School of Law. My nearly twenty years of practice has focused on real estate matters in Housing Court and Supreme Court, including litigation pertaining to rent-regulated tenancies; nonpayment and holdover proceedings (commercial and residential); representation of cooperative corporations and condominium associations; actions for trespass, specific performance, real property disputes, and contract disputes. I regularly appear in Civil Court and Housing Court for non-payment and holdover proceedings. Prior to joining KMWB, I practiced at several boutique real estate firms and also served as an Administrative Law Judge with New York City agencies and in-house counsel to a large corporation based in New York City.

6.      In preparing for its representation of the Debtor in landlord-tenant matters, KMWB has become familiar with the Debtor's property located at 2417 Albemarle Road, Brooklyn, New York 11226 and the rent collection issues that the Debtor has been facing with respect to unlawful occupants (i.e., squatters) and non-paying tenants. I believe that KMWB is well-qualified to serve as the Debtor's landlord-tenant counsel in an efficient and cost-effective manner.

## II.    Scope of Employment

7.      The professional services that KMWB will render for the Debtor are limited to landlord-tenant matters in Housing Court, Supreme Court, and the Division of Housing and Community Renewal (DHCR). This includes preparing and serving default letters, good cause eviction notices, notices to quit, and other required predicate notices; defending Housing Part (HP) and DHCR cases; preparing holdover and nonpayment petitions; and filing and prosecuting holdover and nonpayment special proceedings in state court.

8.      KMWB will take necessary and appropriate steps to prevent unnecessary or inefficient duplication of services.

9.      Subject to the Court's approval of the Application, KMWB is willing to serve as the Debtor's landlord-tenant counsel and perform the services described above.

## III.    Terms of Retention

10.      KMWB intends to apply for compensation for all professional services rendered for the Debtor in landlord-tenant matters, subject to approval of the Court, and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders of the Court, on an hourly and/or task billing basis, plus reimbursement of actual, necessary expenses and other charges incurred by the firm.

11.      KMWB's current standard hourly rates range from: (i) $675 for name partners; (ii) $485 to $625 for associates, of counsel, and other partners; (iii) $210 to $250 for paralegals; and (iv) $120 for clerks. However, KMWB maintains a separate fee schedule (**Exhibit A**) for volume landlord-tenant and Housing Court matters, which includes discounted flat rate charges for the tasks commonly performed in connection with landlord-tenant matters and routine court appearances, such as those anticipated to be performed for the Debtor, and reduced hourly rates for tasks not subject to a specific task rate, as follows: (i) $495 for partners; (ii) $450 for of counsel;

(iii) $395 for associates; and (iv) $175 for all other clerical work. The foregoing rates are set at a level designed to fairly compensate KMWB for its work and to cover fixed and routine overhead expenses.

12.     It is KMWB's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. These expenses include, among other things, mail and express mail charges, special or hand delivery charges, photocopying charges, travel expenses, expenses for working meals, computerized research, and transcription costs. KMWB will charge the Debtor's estate for these expenses in a manner and at rates consistent with charges made generally to the firm's clients and in compliance with any guidelines promulgated by the Office of the U.S. Trustee and the Local Rules, subject to approval by the Court.

13.     Other than as set forth herein, there is no proposed arrangement to compensate KMWB for services rendered to the Debtor.

## IV.    KMWB's Disinterestedness

14.     Except as disclosed herein, to the best of my knowledge and information: (a) KMWB is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code. Specifically, except as disclosed herein, KMWB is not a creditor, equity security holder, or insider of the Debtor; KMWB (including its partners and attorneys) have not been a director, officer, or employee of the Debtor; and KMWB does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

15.     KMWB maintains a computer client database (the "**Database**") containing the name of all of the firm's current and former clients and, where practicable, known affiliates of and connections to those clients. The Database is systematically updated in the firm's ordinary course

4

of business and as the firm receives new matters. In connection with the preparation of this Declaration, I caused checks against the Database to be performed for the anticipated parties in interest in this Chapter 11 Case. No potential conflicts of interest have been identified.

16.     KMWB has represented CAM, the Debtor's property manager, in connection with litigations commenced by Mark Bennett, an occupant at the Debtor's property, relating to services that CAM has performed in its capacity as the Debtor's property manager. KMWB's representation of the Debtor in landlord-tenant matters is entirely separate from its representation of CAM, and KMWB will not apply to the Bankruptcy Court for approval of, or otherwise seek to recover from the Debtor, payment of any fees incurred representing CAM in these separate matters.

17.     To the best of my knowledge, information, and belief, no attorney or employee at KMWB: (i) holds a direct or indirect equity interest in the Debtor or has a right to acquire such an interest; (ii) is or has served as an officer, director, or employee of the Debtor; (iii) is in control of the Debtor or is a relative of a general partner, director, officer, or person in control of the Debtor; (iv) is a general or limited partner of a partnership in which the Debtor is also a general or limited partner; (v) is a relative of or has any connection with the bankruptcy judge approving the employment of KMWB as the Debtor's counsel that would render retention and employment improper; or (vi) is connected to the United States Trustee or any employee of that office.

18.     KMWB will review its files periodically during the pendency of this Chapter 11 Case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, KMWB will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration in accordance with Bankruptcy Rule 2014(a).

### V.   Compensation and Services Already Performed

19.     Prior to the submission of this application, KMWB received payments totaling $3,300 from the Debtor relating to its commencement of ten holdover proceedings in the Housing Part of Kings County Civil Court against certain unlawful occupants (i.e., squatters) and non-paying tenants at the Debtor's property. One of those proceedings, filed against Mark Bennett, was discontinued without prejudice on June 24, 2025. The balance of the holdover proceedings that KMWB are currently returnable in early October 2025, having been automatically adjourned by the Kings County Civil Court.

20.     I understand that direction to commence these proceedings and the payments made to KMWB in connection with these services were the result of a misunderstanding by CAM of the scope of its authority concerning landlord-tenant matters under the terms of the CAM Retention Order and approved Management Agreement with the Debtor. KMWB is returning to the Debtor the funds it received without prejudice to its right to apply to the Court for approval of its compensation for services rendered to the Debtor during the period covered by the effective date of any order that the Court may enter approving KMWB's retention as the Debtor's landlord-tenant counsel.

21.     Pursuant to Bankruptcy Rule 2016(b), KMWB has neither shared nor agreed to share (a) any compensation may receive with another party or person, other than with the partners, of counsel, associates and other professionals and paraprofessionals associated with KMWB, or (b) any compensation another person or party has received or may receive.

### VI.   Conclusion

22.     For the foregoing reasons, I believe that KMWB is eligible for employment and retention by the Debtor pursuant to section 327(a) of the Bankruptcy Code.

23.     I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: New York, New York
       July 17, 2025

                                        */s/ Lisa Faham-Selzer*
                                        Lisa Faham-Selzer

**EXHIBIT A**

**KMWB 2025 Volume Service Rate Schedule**

## KUCKER MARINO WINIARSKY & BITTENS, LLP
## <u>2025 Volume Service Rates</u>

| <u>Services</u> | <u>Fees</u> |
|---|---|
| **Residential Non-Payment:** | |
| Review of Department of State and HPD filing | $25.00 |
| 5 Day Default Letter | $25.00 |
| Prepare Good Cause Eviction Notice | $25.00 |
| Prepare Fourteen Day Notice*<br>*Process service fees and mailings are<br> additional as required.* | $175.00 |
| Prepare Notice of Petition & Petition*<br>*Process service fees, mailing and<br>index number are additional as required.* | $295.00 |
| Fair Debt Collection Letter | $25.00 |
| NYCHA/HPD Certification | $100.00 |
| Prepare Notice of Discontinuance | $75.00 |
| Court Appearance<br>(excluding motions, hearings and trials) | $250.00/appearance |
| All other legal work (hourly) | $495.00 Partner<br>$450.00 Of Counsel<br>$395.00 Associates |
| All other clerical work | $175.00/hour |

**Residential Holdovers:**

| | |
|---|---|
| Review of Department of State and HPD filing | $25.00 |
| Prepare Good Cause Eviction Notice | $25.00 |
| Preparation of Notices and Pleadings* | $550.00/notice |

*Process service fees, mailing and index
number are additional as required.*

| | |
|---|---|
| Court Appearance-(excluding motions and hearings) | $250.00/appearance |
| All other legal work (hourly) | $495.00 Partner |
| | $450.00 Of Counsel |
| | $395.00 Associates |
| All other clerical work | $175.00/hour |

**Commercial Non-Payments:**

| | |
|---|---|
| Preparation of Notices | $600.00/notice |
| Preparation of Pleadings | $1,000.00 |

*Process service fees and mailings
are additional as required.*

**Commercial Holdovers:**

| | |
|---|---|
| Preparation of Notices | $1,000.00/notice |
| Preparation of Pleadings | $1,000.00 |

*Process service fees, mailings and index
number are additional as required.*

**Warrants**

| | |
|---|---|
| Order Warrant of Eviction | $150.00 |
| Prepare Warrant Affidavits | $125.00/each |
| All other clerical work | $175.00/hour |