**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>HELLO ALBEMARLE LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 1-23-41326-nhl |

**FIFTH INTERIM ORDER (A) AUTHORIZING DEBTOR TO USE CASH COLLATERAL; (B) GRANTING ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. §§ 105, 361, AND 363;(C) MODIFYING THE AUTOMATIC STAY; (D) SCHEDULING A FURTHER HEARING; AND (E) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[1] of Hello Albemarle LLC (the "**Debtor**"), the above-captioned debtor and debtor-in-possession, for entry of an interim order (this "**Interim Cash Collateral Order**") (A) authorizing the Debtor to use cash collateral; (B) granting adequate protection pursuant to sections 105, 361, and 363 of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq.*, as amended, the "**Bankruptcy Code**"); (C) modifying the automatic stay to the extent necessary to grant the relief requested in the Motion; (D) scheduling further hearings to consider permitting the Debtor to use cash collateral; and (E) granting related relief; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of the above-captioned case (the "**Chapter 11 Case**") and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and an interim hearing having been held by this Court on January 9, 2024; and the Court having entered an initial Interim Cash Collateral Order on January 16, 2024 [Docket No. 83]; and the Court having entered a Second Interim Cash Collateral Order on November 12, 2024 [Docket No. 121]; and the Court having

---

[1] Capitalized terms used herein but not defined herein shall have the meanings ascribed to them in the Motion [Docket No. 69].

entered a Third Interim Cash Collateral Order on February 7, 2025 [Docket No. 128]; and the Court having entered a Fourth Interim Cash Collateral Order on May 7, 2025 [Docket No. 139]; and this Court having determined that the relief set forth in this Interim Cash Collateral Order is in the best interests of the Debtor, its estate, creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given under the circumstances and that, except as otherwise ordered herein, no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT:**[2]

A. On April 19, 2023, JG Albemarle LLC, JG Albemarle B LLC, NBC Charitable Foundation Inc., YBCF Realty LLC, Lisa Stewart Hughes, Jonathan Mueller, Yitzchok and Leah Mueller (the "**Petitioning Parties**") filed an involuntary chapter 11 petition against the Debtor, commencing the above referenced involuntary chapter 11 case pursuant to 11 U.S.C. § 303.

B. On September 22, 2023 (the "**Petition Date**"), the Court entered the Order for Relief [Docket No. 22].

C. The Debtor remains in possession of its assets and continues to manage and operate its business as a debtor in possession pursuant to Bankruptcy Code sections 1107 and 1108.

D. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and rule-based predicates for the relief requested herein are sections 105, 361, 363 and 364 of the Bankruptcy Code, Rules

---

[2] The findings of fact and conclusions of law set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to these proceedings by Bankruptcy Rule 9014. To the extent any of the following findings constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 4001-5 of the E.D.N.Y. Local Bankruptcy Rules (the "**Local Rules**").

E. Pursuant to Bankruptcy Rule 4001(b)(2), an interim hearing on the Motion was held by the Court on January 9, 2024 (the "**Interim Hearing**").

F. Good cause has been shown for the immediate entry and effectiveness of this Interim Cash Collateral Order pursuant to Bankruptcy Rule 4001(b).

G. Notice of the Motion, the relief requested by the Motion, and the interim hearing was provided in advance of the Interim Hearing to the Office of the United States Trustee for Region 2: Eastern District of New York (Brooklyn Division) (the "**U.S. Trustee**"), NY Secured Funding, LLC ("**NYSF**"), the Debtor's twenty largest unsecured creditors, the Petitioning Parties, applicable governmental units, and those parties who have filed a notice of appearance and request for service of pleadings in this Chapter 11 Case pursuant to Bankruptcy Rule 2002. The foregoing notice was adequate under the circumstances.

H. An immediate need exists for the Debtor to use cash in its operating account and other "cash collateral" as defined in section 363(a) of the Bankruptcy Code including any and all prepetition and postpetition proceeds of the property located at 2417 Albemarle Road, Brooklyn, New York 11226 (the "**Albemarle Property**"), including all rent receipts and other receipts derived from the Albemarle Property, which are subject to NYSF's properly perfected liens upon and security interests in the Albemarle Property (the "**Cash Collateral**").

I. As Adequate Protection for the Debtor's use of Cash Collateral, NYSF will receive Adequate Protection Payments as well as Rollover Liens (subject to the Carve-Out) and Superpriority Claims, to the same extent of its prepetition liens. As additional Adequate Protection

for NYSF's first lien (i) NYSF shall have the right to credit bid its claim as set forth herein and (iii) the Debtor shall provide NYSF with certain reporting as set forth herein.

J.  The Adequate Protection is (i) reasonable and sufficient to protect the interests of NYSF, (ii) consistent with and authorized by the Bankruptcy Code, and (iii) necessary to obtain the consent of NYSF. The terms of this Interim Cash Collateral Order were the subject of good faith and arm's length negotiations among the Debtor and NYSF.

K.  Good cause has been shown for the immediate entry and effectiveness of this Interim Cash Collateral Order pursuant to Bankruptcy Rule 4001(b).

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  All of the findings of fact set forth above are incorporated by reference in this Interim Cash Collateral Order.

2.  **<u>Motion Granted</u>**. The Motion is granted on the terms and conditions set forth in this Interim Cash Collateral Order. Any objections or responses to the relief requested in the Motion that have not been previously withdrawn, waived, or settled, and all reservations of rights included in such objections and responses, are hereby overruled on the merits and denied with prejudice or, to the extent applicable, deferred until the hearing on any successive interim or Final Cash Collateral Order. The rights of all parties to object to entry of any successive interim or Final Cash Collateral Order are reserved.

3.  **<u>Use of Cash Collateral</u>**. The Debtor is authorized, pursuant to section 363(c)(2)(B) of the Bankruptcy Code, to use Cash Collateral, through and including October 10, 2025, in accordance with the Budget attached hereto as **<u>Exhibit 1 (the "Budget")</u>**, which Budget was provided to NYSF for review and approval. The Debtor shall not, without the prior written consent of NYSF, use Cash Collateral in an amount that exceeds any particular authorized line item by

more than 10%, or in excess of 10% of the total Budget (the "**Permitted Variance**"); provided, however, that if the Debtor expends less than the budgeted amount for a line item in any given week, the expenditure of such unspent but budgeted funds in a subsequent week shall not be included in the calculation of any Permitted Variance. Following the term of the Budget period for the purpose of this Interim Cash Collateral Order, the Debtor shall be required to provide a monthly Budget to NYSF for NYSF's review and approval.

4.      **NYSF Loan Documents**. The Debtor hereby ratifies and confirms that the NYSF Loan Documents, and the liens granted pursuant thereto, shall be deemed to be in effect and constitute continuing obligations of the Debtor without offset, claim, waiver, or defense with the same force and effect as if the NYSF Loan Documents had been re-executed by the Debtor after the Petition Date but shall not constitute a post-petition loan. The Debtor and its estate shall not assert any claim, defense, plea, counterclaim, or set-off against any of the amounts due or to become due to NYSF under the NYSF Loan Documents, or any objections, challenges, causes of action, and/or choses in action, including, without limitation, avoidance claims under Chapter 5 of the Bankruptcy Code, against NYSF in connection with the NYSF Loan Documents, the obligations under the NYSF Loan Documents, or the security interest and liens granted under the NYSF Loan Documents.

5.      **Adequate Protection**. As adequate protection against any diminution in the value of NYSF's interest in the Prepetition Collateral, including, without limitation, any such diminution resulting from the Debtor's use of the Cash Collateral, the imposition of the automatic stay pursuant to section 362 of the Bankruptcy Code or otherwise as set forth herein, NYSF is granted the following protections pursuant to sections 361 and 363(c)(2) of the Bankruptcy Code (collectively, the "**Adequate Protection**"):

a. **Adequate Protection Payments**. In the event that the Debtor's Net Monthly Cash Flow exceeds the amounts set forth in the Budget, such excess funds shall be paid to NYSF as adequate protection pursuant to sections 361 and 363(e) of the Bankruptcy Code (the "**Adequate Protection Payments**"). NYSE, however, reserves it rights to demand, as further Adequate Protection Payments, upon receipt of reasonable documentation substantiating actual postpetition costs and expenses incurred by NYSF, reimbursement of such postpetition costs and expenses, including, but not limited to, reasonable attorney's fees, in accordance with the Debtor's obligations under the NYSF Loan Documents.

b. **Rollover Liens**. Effective and perfected on the date of this Interim Cash Collateral Order, NYSF is granted a replacement and rollover security interest in and valid, binding, enforceable, and perfected liens on all of the Debtor's Postpetition Collateral (the "**Rollover Liens**") to the same extent of its prepetition liens, subject only to the Carve-Out (defined below). The term "**Postpetition Collateral**" means all of the Debtor's assets, including, without limitation, all of the Debtor's cash, accounts receivable, inventory, equipment, fixtures, general intangibles, documents, instruments, chattel paper, deposit accounts, letter-of-credit rights, investment property, and books and records relating to any assets of the Debtor and all proceeds (including insurance proceeds and rights to deposits) and products of the foregoing, whether in existence on the Petition Date or thereafter created, acquired, or arising and wherever located, including a first lien on all recoveries of tax payments or refunds, recovered in the Debtor's Chapter 11 or 7 case.

c. **Superpriority Claims**. To the extent that the Rollover Liens granted herein are inadequate to protect NYSF against any diminution in value of the Prepetition Collateral, NYSF's claims for such diminution in value shall be entitled to administrative priority pursuant to sections 503(b) and 507(b) of the Bankruptcy Code, but with priority over any and all claims against the

Debtor of any kind whatsoever, which priority shall not be affected in the event of a subsequent appointment of a chapter 11 trustee or, to the extent provided by the Bankruptcy Code, the conversion of this Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code.

    d. <u>Special Protections for NYSF as Senior Lender</u>. In recognition of its status as first perfected lien lender, the following additional forms of Adequate Protection are granted to NYSF:

        i. <u>Credit Bid Rights</u>. NYSF shall have the right to credit bid the full amount of its claim (pursuant to section 363(k) of the Bankruptcy Code, section 1129(b)(2)(B) of the Bankruptcy Code, or otherwise in accordance with applicable law), in whole or in part, in connection with any sale or disposition of any assets of the Debtor, whether by an auction, under a chapter 11 plan, or otherwise, without opposition from the Debtor.

        ii. <u>Reporting</u>. Within five (5) business days of written request by NYSF, e-mail notification sent to Debtor's counsel being sufficient, the Debtor shall deliver to NYSF:

            1. a monthly Budget, acceptable to NYSF in its sole discretion;

            2. an updated 13-week cash flow projection;

            3. a weekly cash Budget analysis showing actual performance versus the Budget, together with a report of the initial and ending cash position of the Debtor for such week, the collections during such week, the amounts and aging of accounts receivable, and accounts payable; and

            4. on or before the twentieth (20th) day of each month thereafter, profit and loss statements for the immediately preceding month.

    e. <u>Continued Operation of the Debtor's Business</u>. NYSF will be additionally protected as a result of the continued operation of the Debtor's business operations.

    f. <u>Additional Adequate Protection</u>. NYSF may request additional Adequate Protection from time to time with respect to the Prepetition Collateral, including the Cash Collateral. Nothing contained in this Interim Cash Collateral Order shall constitute, or shall be deemed to constitute, an admission by NYSF that its interests are adequately protected within the meaning of section 361 of the Bankruptcy Code on the date of this Interim Cash Collateral Order

or at any future date, and NYSF reserves its rights to claim that the provisions of this Interim Cash Collateral Order do or do not constitute adequate protection of its interests in the Prepetition Collateral. NYSF shall be entitled to such other adequate protection as may be reasonably agreed upon by NYSF and the Debtor and approved by this Court or as may be otherwise granted by this Court.

6. **Postpetition Lien Perfection**. This Interim Cash Collateral Order shall be sufficient and conclusive evidence of the validity, perfection, and priority of the Rollover Liens without the necessity of filing or recording any financing statement or other instrument or document (including, without limitation any mortgages or leasehold mortgages), or the taking of any other action whatsoever which may otherwise be required under the law of any jurisdiction to validate or perfect the Rollover Liens or to entitle NYSF to the protections and priorities granted herein. Notwithstanding the foregoing, NYSF is authorized to file, as in its sole discretion deems necessary, such financing statements, notices of lien, and other similar documents to perfect in accordance with applicable non-bankruptcy law or otherwise to evidence the Rollover Liens, and all such financing statements, notices, and other documents shall be deemed to have been filed or recorded as of the Petition Date; provided, however, that no such filing or recordation shall be necessary or required in order to create or perfect the Rollover Liens.

7. **Avoidance Actions**. Notwithstanding any provision of this Interim Cash Collateral Order to the contrary, claims or causes of action arising under sections 544, 547, 548, 549, 550 and 553 of the Bankruptcy Code and the proceeds thereof ("**Avoidance Actions**") shall not constitute the collateral of NYSF.

8. **Insurance**. NYSF shall be named as additional insured and loss payee, as applicable, on each insurance policy maintained by Debtor which in any way relates to the

Prepetition Collateral, and the Debtor shall provide NYSF with proof of such insurance. The Debtor is authorized and directed to take all necessary actions to cause NYSF to be named as additional insured and loss payee, as applicable, on each insurance policy maintained by the Debtor which in any way relates to the Prepetition Collateral.

9. **<u>Disposition of Collateral</u>**. Except as otherwise expressly provided for in this Interim Cash Collateral Order, the Debtor shall not sell, transfer, lease, encumber, or otherwise dispose of any portion of the Prepetition Collateral or the Postpetition Collateral, except for sales, transfers, leases, or uses of the Prepetition Collateral or Postpetition Collateral in the ordinary course of the Debtor's business, without the prior written consent of NYSF or pursuant to an order of this Court. Until such time as the NYSF Debt has been paid in full in accordance with the terms of the NYSF Loan Documents, the Debtor shall remit to NYSF or cause to be remitted to NYSF all proceeds of Prepetition Collateral or Postpetition Collateral for application against the NYSF Debt in accordance with and subject to the terms of the NYSF Loan Documents and this Interim Cash Collateral Order, except for sales, transfers, leases or uses of the Prepetition Collateral or Postpetition Collateral in the ordinary course of the Debtor's business.

10. **<u>Automatic Stay</u>**. This Interim Cash Collateral Order shall be without prejudice to NYSF's right to seek relief from the automatic stay under section 362 of the Bankruptcy Code on any basis at any time upon notice to the Debtor and this Court. Subject to section 362 of the Bankruptcy Code, this Interim Cash Collateral Order does not and shall not constitute a waiver by NYSF of any right which it may have with respect to the Prepetition Collateral or other property of the Debtor or its estate, including, without limitation, its rights as a secured party under the NYSF Loan Documents, the Uniform Commercial Code, and other applicable law. The automatic

stay imposed by section 362(a) of the Bankruptcy Code shall be, and it hereby is, modified to the extent necessary to effectuate the requirements of this Interim Cash Collateral Order.

11. **Carve-Out and Professional Fee Escrow**. The Rollover Liens shall be subject to a "**Carve-Out**", which term shall mean an amount sufficient to satisfy (i) any quarterly fees owed to the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6); plus (ii) allowed and unpaid reasonable professional fees and disbursements incurred by Kudman Trachten Aloe Posner LLP ("**KTAP**"), which shall not exceed $40,000 (the "**KTAP Carve-Out**"). Any fees and expenses due KTAP shall be subject to an order from this Court approving and awarding such fees and expenses, in the aggregate amount not exceeding the KTAP Carve-Out.

12. **Lien Challenge**. Notwithstanding anything to the contrary in this Interim Cash Collateral Order, no Prepetition Collateral or Postpetition Collateral, including any Cash Collateral, shall be used by the Debtor in any manner to challenge or attempt to avoid NYSF's claims against the Debtor under or pursuant to this Interim Cash Collateral Order or the NYSF Loan Documents, nor shall it be used by the Debtor to challenge or attempt to avoid the validity, perfection, or priority of any security interests, liens, assignments, or pledges granted or made by the Debtor to NYSF under or pursuant to this Interim Cash Collateral Order or NYSF Loan Documents.

13. **Termination**. In the absence of a further order of the Court, the Debtor's authorization to use Cash Collateral shall automatically terminate on any of the following events of default (each, an "**Event of Default**"):

   a. the Debtor's breach of any of the terms or provisions of this Interim Cash Collateral Order, including providing the Adequate Protection as set forth herein, and the failure of the Debtor to cure such breach within five (5) days of receiving notice of same; e-mail notification sent to Debtor's counsel shall be sufficient notice of an event of default hereunder;

b. the Debtor making a payment that was not approved by NYSF through its approval of the Budget (other than a payment which does not result in the Debtor exceeding the Permitted Variance) or, for a payment outside of the Budget, approved by NYSF with its prior written consent to such payment;

c. any stay, reversal, vacatur, or rescission of the terms of this Interim Cash Collateral Order;

d. the Debtor's actual cash disbursements varying from the approved Budget in excess of the Permitted Variance without NYSF's prior written consent;

e. the Court entering an order granting relief from the automatic stay with respect to any asset in which the Debtor's estate holds an interest valued at greater than $50,000;

f. entry of an order by this Court dismissing the Debtor's Chater 11 Case or converting the Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code;

g. the appointment of a chapter 11 trustee; or

h. the Court shall not have entered a subsequent interim or Final Cash Collateral Order by October 10, 2025.

After the occurrence of any event of default, the Debtor shall be permitted to seek Court authority, after notice and a hearing, to use the Cash Collateral or other property of the Debtor; provided, however, that NYSF shall have the right to object to such use. Upon the occurrence of an Event of Default, unless the Court has determined that such Event of Default has not in fact occurred, NYSF may move on an expedited basis for a hearing on fourteen (14) days' notice for relief from the automatic stay under section 362 of the Bankruptcy Code.

14.   **Good Cause**. Good cause has been shown for the entry of this Interim Cash Collateral Order. Among other things, entry of this Interim Cash Collateral Order will permit the Debtor to continue operating its business and pay continuing expenses and employee wages.

15.   **Good Faith**. The Adequate Protection granted herein has been negotiated in good faith and the terms of such Adequate Protection are fair and reasonable under the circumstances,

reflect the Debtor's exercise of prudent business judgment consistent with its fiduciary duties, and are supported by reasonably equivalent value and fair consideration.

16. **Best Interest of the Debtor and its Estate**. The Debtor requested interim relief pursuant to Bankruptcy Rule 4001 and Local Rule 4001-5. The authority granted hereby to use Cash Collateral and to grant the Adequate Protection set forth herein is vital to avoid irreparable harm to the Debtor and its estate. Entry of this Interim Cash Collateral Order is in the best interest of the Debtor and its estate and creditors as its implementation will, among other things, allow for the continued operation of the Debtor's existing business.

17. **Notice**. In light of the circumstances, due and sufficient notice of the Motion was given.

18. **No Other Liens**. Unless otherwise provided by further order of the Court, and except as otherwise expressly provided herein, the Debtor shall be enjoined and prohibited from at any time during the Chapter 11 Case granting voluntary liens in the Prepetition Collateral, the Postpetition Collateral or any portion thereof to any other parties pursuant to section 364(d) of the Bankruptcy Code or otherwise.

19. **Limitation of Liability**. Subject to entry of any successive Interim Cash Collateral Order or the Final Cash Collateral Order, in permitting the use of Cash Collateral, or in exercising any rights or remedies as and when permitted pursuant to this Interim Cash Collateral Order (or any successive Interim Cash Collateral Order or the Final Cash Collateral Order), neither NYSF nor any successor thereof, shall be deemed to be in control of the operations of the Debtor, or to be acting as a "responsible person" or "owner or operator" with respect to the operation or management of the Debtor (as such terms, or any similar terms, are used in the United States Comprehensive Environmental Response, Compensation and Liability, Act, 29 U.S.C. §§ 9601 *et*

*seq.*, as amended). Furthermore, nothing in this Interim Cash Collateral Order shall in any way be construed or interpreted to impose upon NYSF any liability for any claims arising from the prepetition or postpetition activities of the Debtor.

20. **Rights Preserved**. The entry of this Interim Cash Collateral Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly: (a) NYSF's rights to seek any other or supplemental relief in respect of the Debtor; (b) any of the rights of NYSF under the Bankruptcy Code or under applicable non-bankruptcy law, including the right to request modification of the automatic stay of section 362 of the Bankruptcy Code; (c) NYSF's right to object to the relief requested in the Motion on an interim or final basis, or (d) any other rights, claims, or privileges (whether legal, equitable, or otherwise) of NYSF. The failure of NYSF to seek relief or otherwise exercise its rights and remedies under this Interim Cash Collateral Order, the NYSF Loan Documents, or applicable law, as the case may be, shall not constitute a waiver of any of the rights hereunder, thereunder, or otherwise, of NYSF.

21. **Survival; Successors and Assigns**. Unless otherwise set forth herein, the provisions of this Interim Cash Collateral Order shall be binding upon and inure to the benefit of NYSF, the Debtor and their respective successors and assigns (including, to the extent permitted by applicable law, any chapter 7 or chapter 11 trustee or other fiduciary hereafter appointed or elected for the estate or as a legal representative of the Debtor or with respect to the property of the estate of the Debtor). If an order dismissing the Chapter 11 Case under section 1112 of the Bankruptcy Code or otherwise is at any time entered, such order shall provide (in accordance with sections 105 and 349 of the Bankruptcy Code) that the Rollover Liens and other protections afforded or granted to NYSF pursuant to this Interim Cash Collateral Order as of the date of such dismissal shall continue in full force and effect and shall maintain their priorities as provided in

this Interim Cash Collateral Order until all obligations in respect thereof shall have been paid and satisfied in full (and that such Rollover Liens and other protections, shall, notwithstanding such dismissal, remain binding on all parties in interest). Notwithstanding any reversal, stay, modification, or vacatur of this Interim Cash Collateral Order, any use of the Cash Collateral prior to such reversal, stay, modification, or vacatur shall be governed in all respects by the original provisions of this Interim Cash Collateral Order, and NYSF shall be entitled to all the rights, remedies, privileges, and benefits granted herein with respect to such use.

22. ***Nunc Pro Tunc* Effect of this Interim Cash Collateral Order**. This Interim Cash Collateral Order shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and shall take effect and be enforceable *nunc pro tunc* to April 11, 2025, immediately upon its entry.

23. **Final Hearing**. The final hearing concerning the relief requested in the Motion (the "Final Hearing") shall be held before the Honorable Nancy Hershey Lord, United States Bankruptcy Judge, United States Bankruptcy Court for the Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201, on **October 28, 2025 at 11:00 a.m.**, or as soon thereafter as counsel may be heard. The Final Hearing shall not be held in person but shall be held by Cisco Webex video conference. Those intending to appear at the Final Hearing must register with eCourt Appearances no later than two days prior to the Final Hearing. The video link for the Final Hearing will be emailed to those that register with eCourt Appearances in advance of the Final Hearing. Instructions for registering with eCourt Appearances can be found at https://www.nyeb.uscourts.gov/node/2126. If you do not have internet access or are otherwise unable to register with eCourt Appearances, you must email Judge Lord's courtroom deputy for instructions at nhl_hearings@nyed.uscourts.gov. Any responses to the Motion or objections to the

entry of the Final Cash Collateral Order granting the relief requested therein (the "**Final Cash Collateral Order**") shall be filed and served no later than **seven days before** the Final Hearing and shall be served upon the Court and the following parties: (i) the Debtor, c/o Kudman Trachten Aloe Posner LLP, 488 Madison Avenue, 23rd Floor, New York, NY 10022, Attn: David N. Saponara, Esq.; (ii) the Office of the United States Trustee for Region 2: Eastern District of New York (Brooklyn Division), Alexander Hamilton Custom House, One Bowling Green, Room 510, New York, NY 10004-1408, Attn: Jeremy S. Sussman, Esq.; (iii) counsel for NYSF, c/o Bond, Schoeneck & King, 225 Old Country Rd., Melville, New York 11747, Attn: Justin S. Krell, Esq.; (iv) any statutory trustee or committee appointed in this case or, if no such trustee or committee has been appointed, the Debtor's twenty (20) largest unsecured creditors as set forth in the list filed with the Debtor's petition; and (v) any other party appearing in this case and requesting service pursuant to Bankruptcy Rule 2002. In the event no objections or responses are timely filed and served in accordance with the foregoing, the Court may enter the Final Cash Collateral Order without need for the Final Hearing.

24. **Service**. The Debtor shall serve a copy of this Interim Cash Collateral Order and notice of the Final Hearing upon all parties required to receive such notice by depositing the same in first class mail, postage prepaid, not later than the third business day following entry of this Interim Cash Collateral Order.

25. **Interim Cash Collateral Order Controls**. To the extent of any conflict between or among the Motion and this Interim Cash Collateral Order, the terms and provisions of this Interim Cash Collateral Order shall govern.

26. **<u>Retention of Jurisdiction</u>**. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Interim Cash Collateral Order.



Dated: September 22, 2025
Brooklyn, New York

_____
Nancy Hershey Lord
United States Bankruptcy Judge