**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| HELLO ALBEMARLE LLC, | Case No. 1-23-41326-nhl |
| Debtor. | |

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND**
**ORDER CONFIRMING THIRD AMENDED CHAPTER 11**
**PLAN OF LIQUDIATION OF HELLO ALBEMARLE LLC**

Hello Albemarle LLC (the "Debtor"), the debtor and debtor-in-possession in the above-captioned chapter 11 case (this "Chapter 11 Case"), having filed (i) the *Third Amended Chapter 11 Plan of Liquidation of Hello Albemarle LLC* [Docket No. 191] (as amended, supplemented, or otherwise modified, the "Plan")[1]; (ii) the *Disclosure Statement for Third Amended Chapter 11 Plan of Liquidation of Hello Albemarle LLC* [Docket No. 192] (as amended, supplemented, or otherwise modified, the "Disclosure Statement"); (iii) the *Declaration of David N. Saponara Regarding Solicitation of Votes and Tabulation of Ballots Accepting and Rejecting the Third Amended Chapter 11 Plan of Liquidation of Hello Albemarle LLC* [Docket No. 198] (the "Tabulation Declaration"); and (iv) the *Declaration of Eli Karp in Support of Confirmation of Third Amended Chapter 11 Plan of Liquidation of Hello Albemarle LLC* [Docket No. 199] (the "Karp Declaration"); and the Court having previously entered the *Order Approving (I) Disclosure Statement (II) Form and Manner of Notices, (III) Form of Ballot, and (IV) Solicitation Materials and Solicitation Procedures* [Docket No. 188] (the "Disclosure Statement Approval Order"); and a hearing pursuant to section 1128 of title 11 of United States Code (the "Bankruptcy Code") to consider confirmation of the Plan having been held before the Bankruptcy Court on November 13,

---

[1] Capitalized terms not defined in this Declaration have the meanings used the Plan.

2025 (the "Confirmation Hearing") at which David N. Saponara, Esq., (Counsel to Debtor), Kevin J. Nash, Esq. (Counsel to the Committee), Justin Krell, Esq. (Counsel to NYSF), and Eli Karp (Debtor's Principal) appeared, after due notice to Holders of Claims and Equity Interests against the Debtor, and to other parties in interest, in accordance with the Disclosure Statement Approval Order, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and the Bankruptcy Court having considered the Plan, the Disclosure Statement, the Tabulation Declaration, the Karp Declaration, and other papers in support of the Plan; and the appearances of all interested parties having been noted on the record of the Confirmation Hearing; and the Bankruptcy Court having considered all of the evidence adduced and arguments of counsel at the Confirmation Hearing, and all of the proceedings had before this Court; and upon the record of the Confirmation Hearing, the Bankruptcy Court having found and determined that the Plan is in the best interests of the Debtor, its Estate, and Holders of Claims and Equity Interests, and that it should be confirmed as reflected by this Court's rulings made herein and at the Confirmation Hearing; and after due deliberation and sufficient cause appearing therefor, the Court hereby FINDS, DETERMINES, AND CONCLUDES that:

## FINDINGS AND CONCLUSIONS

A.   <u>Findings of Fact and Conclusions of Law</u>. The findings and conclusions set forth in this order (the "Confirmation Order") constitute the Bankruptcy Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.   <u>Jurisdiction; Venue; Core Proceeding</u>. This Court has jurisdiction over this Chapter 11 Case pursuant to sections 157 and 1334 of title 28 of the United States Code. Confirmation of

the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L). Venue of this Chapter 11 Case is properly in this district pursuant to sections 1408 and 1409 of title 28 of the United States Code. The Debtor is properly a debtor under section 109 of the Bankruptcy Code. The Debtor is a proper proponent of the Plan under section 1121(a) of the Bankruptcy Code.

C. <u>Transmittal and Mailing of Materials; Notice</u>. Due, timely, sufficient, and adequate notice of the Plan, any modifications of the Plan, the Confirmation Hearing, and the deadlines for voting on and filing objections to the Plan has been given to all known Holders of Claims and Equity Interests and other parties in interest in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the Eastern District of New York (the "<u>Local Rules</u>"), the Disclosure Statement Approval Order and all other applicable laws, rules, and regulations.

D. <u>Objections to Confirmation</u>. The sole objection to confirmation of the Plan, filed by Mark A. Bennett on November 3, 2025 [Docket No. 197], was overruled by the Court on the record at the Confirmation Hearing. No other parties timely objected to confirmation of the Plan.

E. <u>Burden of Proof</u>. As the proponent of the Plan, the Debtor has the burden of proving that the elements of sections 1129(a)–(b) of the Bankruptcy Code have been met by a preponderance of the evidence. The Debtor has met its burden by a preponderance of the evidence.

F. <u>Bankruptcy Rule 3016(a)</u>. In accordance with Bankruptcy Rule 3016(a), the Plan is dated and identifies the Debtor as the proponent of the Plan.

G. <u>Adequacy of Voting Procedures</u>. All Classes of Claims and Equity Interests are impaired under the Plan. The Debtor's solicitation of votes to accept or reject the Plan was proposed and conducted in good faith and complied with section 1126 of the Bankruptcy Code,

Bankruptcy Rule 3018, all other applicable provisions of the Bankruptcy Code, the Disclosure Statement Approval Order, and all other applicable laws, rules, and regulations.

H.     <u>Good Faith Solicitation</u>. The procedures by which the Ballots were transmitted to the holders of Claims in Class 1 (NYSF Secured Claim) and Class 2 (General Unsecured Claims), which were the only Classes of Claims entitled to vote on the Plan, and the procedures for tabulating the votes were fair and properly conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Disclosure Statement Approval Order, and all other applicable laws, rules, and regulations.

I.     <u>Voting Results</u>. Pursuant to the Tabulation Declaration, Class 1 (NYSF Secured Claim) and Class 2 (General Unsecured Claims) have voted to accept the Plan.

J.     <u>Classification of Claims</u>. The classification of Claims and Equity Interests in the Plan is reasonable and complies with the requirements of sections 1122 and 1123 of the Bankruptcy Code. Claims or Equity Interests in each particular Class are substantially similar to other Claims or Equity Interests contained in such Class.

K.     <u>Unclassified Claims</u>. Pursuant to section 1123(a)(1) of the Bankruptcy Code, Administrative Expense Claims, Priority Tax Claims, Property Tax Claims, and Professional Fee Claims are not classified under the Plan and shall instead be treated separately on the terms set forth in the Plan.

L.     <u>Treatment of Claims</u>. As required by and in compliance with sections 1123(a)(1) and (a)(3) of the Bankruptcy Code, the Plan identifies the Classes of Claims against or Equity Interests in the Debtor and specifies the treatment of each Class of Claims or Equity Interests under the Plan (including the identification and treatment of impaired Claims and Equity Interests). As required by and in compliance with section 1123(a)(2) of the Bankruptcy Code, Article 3 of the

Plan specifies that no Class of Claims is unimpaired under the Plan. Consistent with section 1123(a)(4) of the Bankruptcy Code, the Plan provides the same treatment for each Claim or Equity Interest within a particular Class.

M.  <u>Implementation</u>. As required by section 1123(a)(5) of the Bankruptcy Code, the Plan contemplates adequate means for its execution and implementation by providing that Distributions under the Plan shall be funded by the Cash Fund, the Debtor's cash on hand, the KTAP Carve Out, the Committee Carve Out, and such other funds that NYSF shall pay to satisfy Allowed Administrative Expense Claims, including Allowed Professional Fee Claims; *provided, however*, that the Property Tax Claims shall be paid and satisfied directly by NYSF at the closing of the Property Sale as provided in the Plan.

N.  <u>No Issuance of Securities</u>. The Debtor will not be issuing equity securities. Therefore, section 1123(a)(6) of the Bankruptcy Code is inapplicable in the Chapter 11 Case.

O.  <u>Additional Plan Provisions</u>. Consistent with section 1123(b) of the Bankruptcy Code, the Plan provides for the (a) impairment of certain Claims; (b) the rejection of executory contracts and unexpired leases not expressly assumed before confirmation of the Plan; and (c) exculpation of certain parties.

P.  <u>Compliance with the Requirements of Section 1129 of the Bankruptcy Code</u>. The Plan complies with all applicable provisions of section 1129 of the Bankruptcy Code as more particularly set forth below and in the Court's oral findings of facts and conclusions of law:

a.  <u>11 U.S.C. § 1129(a)(1) and (a)(2)</u>. The Plan and the Plan proponent comply with the applicable provisions of the Bankruptcy Code.

b.  <u>11 U.S.C. § 1129(a)(3)</u>. The Plan was proposed in good faith and not by any means forbidden by law.

c.  <u>11 U.S.C. § 1129(a)(4)</u>. Any payment made or to be made by the Debtor for services or for costs and expenses in or in connection with the Chapter 11 Case,

or in connection with the Plan and incident to the Chapter 11 Case, has been approved by, or is subject to the approval of, the Court as reasonable.

d. 11 U.S.C. § 1129(a)(5). The Plan is a plan of liquidation and does not contemplate any continuation of service of any officers, directors, or other insiders of the Debtor, nor will there be any compensation paid to any officers, directors, or other insiders of the Debtor.

e. 11 U.S.C. § 1129(a)(6). The Debtor does not charge rates that are the subject of any governmental regulatory commission jurisdiction.

f. 11 U.S.C. § 1129(a)(7). The Plan provides that, with respect to each impaired Class of Claims or Equity Interests, Holders of Allowed Claims or Equity Interests will receive or retain under the Plan on account of each such Allowed Claim or Equity Interest property of a value, as of the Effective Date of the Plan, that is not less than they would receive or retain if the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date.

g. 11 U.S.C. § 1129(a)(9). The Plan provides that (a) Allowed Administrative Expense Claims, other than Professional Fee Claims, will be paid in full on the Effective Date or as soon as practicable following the date upon which the Court enters a Final Order allowing any such Administrative Expense Claim after the Effective Date; (b) to the extent that any Priority Tax Claims exist, they will be paid in accordance with the terms and conditions of the particular transaction giving rise to each such Priority Tax Claim without further action by the holders of such Priority Tax Claims or further approval by the Court; (c) NYSF shall assume responsibility for payment of the Property Tax Claims and shall pay all Property Tax Claims at the closing of the Property Sale; and (d) Professional Fee Claims will be paid as soon as practicable after a Final Order has awarded such compensation and reimbursement of expenses pursuant to proper application in accordance with Section 5.6 of the Plan.

h. 11 U.S.C. § 1129(a)(10). Class 1 (NYSF Secured Claim) and Class 2 (General Unsecured Claims), impaired Classes under the Plan, have voted to accept the Plan, determined without including any acceptance of the Plan by any insider.

i. 11 U.S.C. § 1129(a)(11). The Plan provides for the liquidation of the Debtor.

j. 11 U.S.C. § 1129(a)(12). All fees payable under 28 U.S.C. § 1930 have been paid during the course of the Chapter 11 Case and, to the extent not paid, the Plan provides for the payment of all such fees.

k. 11 U.S.C. § 1129(a)(13). This provision is inapplicable to the Plan because the Debtor does not have any retiree benefits obligations.

l. 11 U.S.C. § 1129(a)(14). This provision is inapplicable to the Plan because the Debtor is not an individual and is not required by judicial or administrative order, or by statute, to pay any domestic support obligations.

      m. <u>11 U.S.C. § 1129(a)(15)</u>. This provision is inapplicable to the Plan because the Debtor is not an individual.

      n. <u>11 U.S.C. § 1129(a)(16)</u>. This provision is inapplicable to the Plan because the Debtor is not a non-moneyed, non-business, or non-commercial corporation or trust.

      o. <u>11 U.S.C. § 1129(b)(1)</u>. Because Class 1 (NYSF Secured Claim) and Class 2 (General Unsecured Claims) have voted to accept the Plan, Class 3 (Equity Interests) is the only Class that is impaired under, and has not accepted, the Plan. The Plan does not discriminate unfairly and is fair and equitable with respect to Class 3 (Equity Interests) because there is no other class of Equity Interests and there are no Holders of any interest that is junior to the interests of the Holders of Class 3 (Equity Interests) that will receive or retain any property or value under the Plan on account of such junior interest.

      p. <u>11 U.S.C. § 1129(c)</u>. This provision is inapplicable because the Plan is the only plan filed in this Chapter 11 Case.

      q. <u>11 U.S.C. § 1129(d)</u>. The principal purpose of the plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.

      r. <u>11 U.S.C. § 1129(e)</u>. This provision is inapplicable to the Plan because this Chapter 11 Case is not a small business case.

Q. <u>Assumption, Assignment, and Rejection of Contracts and Leases</u>. The Plan's treatment regarding assumption and assignment of the Apartment Leases, and rejection of all other executory contracts and unexpired leases not previously assumed or rejected, in Article 6 complies with the requirements of sections 365(b) and 1123(b)(2) of the Bankruptcy Code and is a reasonable exercise of sound business judgment, and in each case is in the best interests of the Debtor and the Estate.

R. <u>Closing of the Property Sale</u>. Section 5.2 of the Plan provides for the closing of the Property Sale to NYSF in furtherance of the Sale Order. The transfer and conveyance of the Property to NYSF under the Plan constitutes a transfer "under a plan confirmed under section 1129" of the Bankruptcy Code within the meaning of section 1146(a) of the Bankruptcy Code. No federal, state, or local stamp, real property transfer, mortgage, or similar tax shall be imposed on

or in connection with the closing of the Property Sale pursuant to the Plan, as such transfer is exempt from such taxes under section 1146(a) of the Bankruptcy Code.

S.  <u>Injunction, Exculpation, and Limited Release</u>. Each of the injunction against interference set forth in section 8.1 of the Plan, the exculpation set forth in section 8.2 of the Plan, and the limited release by NYSF of Eli Karp set forth in section 8.3 of the Plan: (i) is within the jurisdiction of the Court under 28 U.S.C. § 1334, (ii) is an essential means of implementing the Plan pursuant to section 1123(a)(5) of the Bankruptcy Code, (iii) confers a material benefit on, and is in the best interests of, the Debtor, its Estate, and its Creditors, (iv) is important to the overall objectives of the Plan, and (v) is consistent with sections 105, 1123, 1129 and other applicable provisions of the Bankruptcy Code.

T.  <u>Satisfaction of Confirmation Requirements</u>. The Plan satisfies all applicable requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

U.  <u>Retention of Jurisdiction</u>. The Bankruptcy Court retains jurisdiction over the matters set forth in section 11.1 of the Plan and section 1142 of the Bankruptcy Code.

## **ORDER**

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.  All objections to confirmation of the Plan that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits, with prejudice.

2.  The Plan is confirmed under section 1129 of the Bankruptcy Code. The terms of the Plan, filed at Docket No. 191, are incorporated by reference into and are an integral part of this Confirmation Order. In the event of any inconsistency between the Plan and the provisions of this Confirmation Order, the provisions of this Confirmation Order are controlling.

3. The Plan and this Confirmation Order shall be binding upon the Debtor, all holders of Claims against, and Equity Interests in, the Debtor, and any other party in interest in the Chapter 11 Case and their respective successors and assigns, regardless of whether the Claims or Equity Interests of such holders or obligations of any party in interest have accepted the Plan or filed a proof of claim in the Chapter 11 Case.

4. The Debtor is authorized, without further notice or application to or order of this Court, to execute, deliver, file, or record any documents and to take any other actions that it may determine is necessary or desirable to implement the Plan and this Confirmation Order, regardless of whether such actions or documents are specifically referred to in the Plan or this Confirmation Order.

5. The appointment of Goldberg Weprin Finkel Goldstein LLP, as Distribution Agent under the Plan, is hereby approved. The Distribution Agent shall have all rights, powers, and duties set forth in Article 9 of the Plan, including, without limitation, the authority to make distributions to Holders of Allowed Claims in Class 2 (General Unsecured Claims) in accordance with the Plan's terms, and the Distribution Agent is authorized to take all actions necessary or appropriate to effectuate such distributions without further order of this Court.

6. Holders of Claims or Equity Interests shall not receive distributions from the Distribution Agent, the Debtor, or the estate other than as specifically set forth in the Plan.

7. Except for the Apartment Leases and as otherwise provided in a separate order of the Court, all executory contracts and unexpired leases not otherwise assumed are deemed rejected as of the Effective Date of the Plan.

8. The transfer of the Property to NYSF pursuant to the Sale Order and the Plan is exempt from any federal, state, or local stamp tax, real property transfer tax, mortgage recording

tax, or similar tax or governmental assessment under section 1146(a) of the Bankruptcy Code, and no such tax or assessment shall be imposed, collected, or required to be paid upon the closing of the sale or any related recording or filing. NYSF (and any escrow agent or closing agent acting on its behalf) shall have no liability for any transfer taxes, stamp taxes, or similar imposts in connection with the closing of the Property Sale and transfer of the Property to NYSF, and the Plan shall be binding on all parties as to such exemption.

9. The provisions of the Plan and this Confirmation Order shall be binding on the Debtor, its estate, and any and all of the Debtor's creditors, equity holders, and/or any other claim and/or interest holder, including, without limitation, the holder of any claim of a kind specified in section 502(g), (h), or (i) of the Bankruptcy Code, whether or not: (a) a proof of claim based on such a debt is filed or deemed filed under section 501 of the Bankruptcy Code; (b) such Claim is allowed under section 502 of the Bankruptcy Code; or (c) the holder of such Claim has accepted the Plan.

10. The provisions of the Plan and this Confirmation Order, including the findings of fact and conclusions of law, are non-severable and mutually dependent.

11. The failure to reference or address all or part of any particular provision of the Plan in this Confirmation Order has no effect on the validity, binding effect, or enforceability of such provision and such provision has the same validity, binding effect, and enforceability as every other provision of the Plan. To the extent that any inconsistencies exist between the terms of the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

12. Notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, the Court will retain jurisdiction over the Chapter 11 Case, all matters arising out

of or related to the Chapter 11 Case and the Plan, and the matters set forth in section 11.1 of the Plan.

13. Within five (5) business days following the date of entry of this Confirmation Order, the Debtor shall serve notice of the entry of this Confirmation Order pursuant to Bankruptcy Rules 2002(f)(1)(H), 2002(k) and 3020(c) on all Holders of Claims and Equity Interests, the Office of the United States Trustee, and all parties entitled to receive notice of this Confirmation Order under the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules (collectively, the "**Service List**"), by causing notice to be delivered to such parties by first-class mail, postage prepaid.

14. Within five (5) business days following the occurrence of the Effective Date, the Debtor shall file with the Court a notice identifying the date on which the Effective Date occurred and serve a copy of such notice on the Service List.

15. All requests for payment of Administrative Expense Claims (other than Professional Fee Claims and Claims for fees payable pursuant to 28 U.S.C. § 1930) that accrued on or before the Effective Date must be filed with the Court and served on the Debtor no later than **January 23, 2026**. Any such request that is not timely filed and served shall be forever barred, and holders of such Claims shall not be entitled to any distribution under the Plan with respect to such Claims.

16. All final applications for allowance of Professional Fee Claims for services rendered and expenses incurred prior to the Effective Date must be filed with the Court no later than **February 23, 2026**. Any such application that is not timely filed shall be forever barred.

17. Within five (5) business days following the occurrence of the Effective Date, the Debtor shall serve notice of rejection upon each counterparty to an executory contract or unexpired lease rejected pursuant to Article 6 of the Plan.

18. Any counterparty to an executory contract or unexpired lease rejected pursuant to Article 6 of the Plan asserting a claim for damages arising from such rejection shall file a proof of claim with the Court on or before **January 23, 2026**. Any such rejection claim that is not timely filed shall be forever barred, disallowed, and expunged.

19. Any objections to Claims must be filed and served no later than **March 23, 2026**, unless extended by order of the Court for cause.

20. The Debtor shall schedule quarterly post-confirmation status conferences until entry of a final decree or until conversion or dismissal of this Chapter 11 Case.

21. The Debtor shall continue filing monthly operating reports through the Effective Date of the Plan, including filing any reports that were due and outstanding as of the date of this Confirmation Order.

22. From and after the Effective Date of the Plan, the Debtor shall file post-confirmation reports, in compliance with the forms promulgated by the U.S. Trustee in line with "Procedures for Completing Uniform Periodic Reports in Non-Small Business Cases Filed Under Chapter 11 of Title 11, 85 FR 82905 (2020)," on or before the twentieth (20th) day after the conclusion of each relevant reporting quarter following the Effective Date, until entry of a final decree or until conversion or dismissal of this Chapter 11 Case.

23. The Debtor and/or the Distribution Agent shall pay all fees that are or will become due to the U.S. Trustee under 28 U.S.C. § 1930, plus all applicable interest thereon, for all quarters from the petition date through entry of a final decree or until conversion or dismissal of this Chapter 11 Case.

24. Within fourteen (14) days following the full administration of the Debtor's estate, the Debtor shall file an application and a proposed order for a final decree pursuant to Bankruptcy Rule 3022.

25. Pursuant to section 1142(a) of the Bankruptcy Code and the provisions of this Confirmation Order, upon the occurrence of the Effective Date, the Plan shall apply and be enforceable notwithstanding any otherwise applicable nonbankruptcy law.

26. Notwithstanding the possible applicability of Bankruptcy Rules 3020(e), 6004(h), 6006(d), 7062, and 9014, the terms and provisions of this Confirmation Order shall be immediately effective and enforceable upon its entry.

27. This Confirmation Order is a Final Order and the period in which an appeal must be filed will commence upon entry of this Confirmation Order.



Dated: November 26, 2025
Brooklyn, New York

Nancy Hershey Lord
United States Bankruptcy Judge